IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE HUMBERTO JIMENEZ-GOMEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv1181-WKW |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On November 25, 2014, petitioner Jose Humberto Jimenez-Gomez ("Jimenez-Gomez") filed a motion under 28 U.S.C. § 2255 challenging the sentence imposed by this court upon revocation of his supervised release.  Doc. No. 1.[1]  This court entered an order directing Jimenez-Gomez to file a supplement to his § 2255 motion clarifying his claims.  Doc. No. 2.  Jimenez-Gomez filed a supplement to the § 2255 motion on December 30, 2014 (Doc. No. 3), and filed a second supplement on February 17, 2015 (Doc. No. 7).  The Government filed its response to the § 2255 motion on May 5, 2015.  Doc. No 11.  After careful consideration of the § 2255 motion, the facts of the case, and the governing law, the court concludes that the motion should be denied without an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

---

[1] Unless indicated otherwise, references to document numbers ("Doc. No.") are to those assigned by the Clerk of Court in this civil action.  Page references are to those assigned by CM/ECF.

## I.  BACKGROUND

On September 9, 2013, Jimenez-Gomez, who is a citizen of Mexico, pled guilty in this court to illegal reentry after being deported from the United States, in violation of 8 U.S.C. § 1326(a).  *See* Case No. 3:13cr112-MEF, Doc. Nos. 22 & 51.  On January 2, 2014, the court sentenced Jimenez-Gomez to time served and one year of supervised release.  *Id*., Doc. Nos. 34 & 50.  On January 31, 2014, Jimenez-Gomez was deported to Mexico.

On May 13, 2014, U.S. Border Patrol agents encountered Jimenez-Gomez near Andrade, California.  *See* Doc. No. 11-4 at 2-3.  Jimenez-Gomez was arrested after the agents determined he was a Mexican citizen and illegally in the United States.  *Id*.  On May 15, 2014, in Case No. 14-15196M (S.D. Cal.), Jimenez-Gomez pled guilty in the United States District Court for Southern District of California to entering the United States at a time or place other than as designated by immigration officers, in violation of 8 U.S.C. § 1325(a)(1).  *See* Doc. No. 11-5.  The California federal district court sentenced Jimenez-Gomez to 180 days' imprisonment.  *Id*. at 2.

After his sentencing in Case No. 14-15196M (S.D. Cal.), Jimenez-Gomez was returned to the Middle District of Alabama to answer charges that he violated the terms of his supervised release in Case No. 3:13cr112-MEF by committing a new offense.  This charge was predicated upon his conviction in Case No. 14-15196M (S.D. Cal.).  *See* Doc. No. 11-6.  On July 10, 2014, Jimenez-Gomez pled guilty in this court to violating a term of his supervised release.  Doc. No. 11-7; *see also* Case No. 3:13cr112-MEF, Doc. Nos. 48, 49

& 52. This court then sentenced Jimenez-Gomez to 10 months' imprisonment to be served consecutively to the 180-day term of imprisonment imposed by the California federal district court in Case No. 14-15196M (S.D. Cal.). Doc. No. 11-7; *see also* Case No. 3:13cr112-MEF, Doc. Nos. 49 & 52. Jimenez-Gomez did not appeal the revocation of his supervised release or the sentence this court imposed for violating his supervised release.

Jimenez-Gomez filed this § 2255 motion on November 25, 2014, requesting that this court revise the sentence imposed for his supervised release violation to run concurrently with the sentence imposed by the California federal court in Case No. 14-15196M (S.D. Cal.). *See* Doc. No. 1 at 4.

## II. DISCUSSION

Ordinarily, if an available claim is not advanced on direct appeal, it is deemed procedurally defaulted in a § 2255 proceeding. *See Mills v. United States*, 36 F.3d 1052, 1055-56 (11th Cir. 1994); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). Because Jimenez-Gomez did not appeal the revocation of his supervised release or the sentence this court imposed for violating his supervised release, he has procedurally defaulted any claim whereby he might seek, through a § 2255 motion, to have this court revise his sentence for his supervised release violation to run concurrently with the sentence imposed in his California federal case.

A procedural default bars consideration of the merits of a claim presented in a § 2255 motion unless a petitioner "can show cause excusing his failure to raise the issues previously

and actual prejudice resulting from the errors." *Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990); *see also Greene*, 880 F.2d at 1305. If a petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering the petitioner's claim where he can show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Jimenez-Gomez has not demonstrated cause why he did not raise his claim in an appeal, nor has he demonstrated that he was prejudiced. Likewise, he does not show that the court's failure to address his claim would result in a fundamental miscarriage of justice. Therefore, his claim is procedurally defaulted and is not subject to review.

In any event, this court's imposition of a consecutive sentence for Jimenez-Gomez's supervised release violation was in accord with the governing statutes and applicable Policy Statement of the Sentencing Guidelines. Title 18 U.S.C. § 3584, which governs the imposition of multiple sentences of imprisonment, provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. §3584(a). A district court has discretion to impose a sentence upon revocation of supervised release consecutively to other sentences being served by the defendant. *See United States v. Quinones*, 136 F.3d 1293, 1294-95 (11th Cir. 1998) (holding that 18 U.S.C. § 3584(a) applies to revocation sentences). In order to decide whether to impose consecutive or concurrent sentences, the court must consider

the factors in 18 U.S.C. § 3553(a).  *See United States v. Monrroy*, 518 Fed. App'x 723, 725

(11th Cir. 2013) (citing 18 U.S.C. § 3584(b)).

The Sentencing Guidelines recommend consecutive sentences when dealing with

revocation of supervised release.  Section 7B1.3(f) of the Guidelines reads:

> Any term of imprisonment imposed upon the revocation of probation or
> supervised release shall be ordered to be served consecutively to any sentence
> of imprisonment that the defendant is serving, whether or not the sentence of
> imprisonment being served resulted from the conduct that is the basis of the
> revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).  The Commentary to § 7B1.3 notes:

> Subsection (f) provides that any term of imprisonment imposed upon the
> revocation of probation or supervised release shall run consecutively to any
> sentence of imprisonment being served by the defendant.  Similarly, it is the
> Commission's recommendation that any sentence of imprisonment for a
> criminal offense that is imposed after revocation of probation or supervised
> release be run consecutively to any term of imprisonment imposed upon
> revocation.

U.S.S.G. § 7B1.3, Commentary 4.

The record here reflects that the district court considered the factors in 18 U.S.C.

§ 3553(a) and determined that Jimenez-Gomez's serial disrespect for previous orders of the

court warranted imposition of a consecutive sentence at the top end of the applicable

guideline range.  *See* Case No. 3:13cr112-MEF, Doc. No. 52 at 22-24.  Jimenez-Gomez has

offered no argument addressing the court's stated concerns.  In the absence of a provision

specifically directing the court to run the two terms of imprisonment concurrently, and in

light of the Guidelines' preference for consecutive sentences when dealing with revocation

of supervised release as reflected in the Commentary, the court did not err in its judgment that Jimenez-Gomez's two terms be run consecutively.[2]

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before January 27, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest

---

[2] The allegations in Jimenez-Gomez's pleadings are exceedingly vague.  In his supplements to his § 2255 motion, he seems also to request that his sentence be ordered to run concurrently to any sentence he might receive in a pending case of driving under the influence of alcohol in Montgomery, Alabama.  *See* Doc. No. 3 at 4; Doc. No. 7 at 7.  However, any such claim for relief suffers the same infirmities as his request to have his sentence run concurrently to the sentence imposed by the California federal court.  Jimenez-Gomez's DUI case was never mentioned in the proceedings relating to his supervised release violation, and, as noted, he did not appeal the revocation of his supervised release or the sentence this court imposed for violating his supervised release.  Any claim regarding his sentence in the DUI case is defaulted and is not properly before this court for review in his § 2255 motion.

injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities*, Inc., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of January, 2017.


_____/s/ Wallace Capel, Jr._____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE